IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTIN RHODES | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-00181 |
| JEFFREY PITTARD,<br>ECLIPSE MARKETING INC. and<br>ORKIN, INC. | ) ) ) ) | JUDGE HAYNES |
| Defendants. | ) ) ) | |
| Consolidated with: | ) ) | |
| MARTIN RHODES | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-00780 |
| CITY OF MURFREESBORO d/b/a<br>MURFREESBORO POLICE<br>DEPARTMENT and TAD SCOTT | ) ) ) ) | JUDGE HAYNES |
| Defendants. | ) ) ) | |

MEMORANDUM

Plaintiff, Martin Rhodes, filed this action originally in Rutherford County Chancery Court against the Defendants: Jeffrey Pittard, Eclipse Marketing, Orkin Inc., the City of Murfreesboro, "Murfreesboro", and Tad Scott. Defendant Eclipse Marketing removed the original action to this Court. (Docket Entry No. 1, Case No. 3:09-cv-0081). The removal petition alleged that the state trial court severed Rhodes's action into two separate actions and Plaintiff's claims were filed as two actions in this Court: Case Nos. 3:09-181 and 3:09-780. In

Case No. 3:09-181, Plaintiff asserts claims of trespass and malicious prosecution against Defendant Pittard, acting as an employee with Eclipse Marketing, and as Orkin's agent. Plaintiff's claims against Eclipse and Orkin are based upon the respondeat superior theory of liability, including for their failure to train or supervise their employees. (Case No. 3:09-181, Docket Entry No. 1-4, Plaintiff's Amended Complaint). Defendant Orkin filed a cross-claim against Defendant Eclipse asserting that their marketing services agreement requires Eclipse to indemnify Orkin for any damages caused by Eclipse's employee's acts. (Docket Entry No. 21).

In Case No. 3:09-780, Plaintiff Rhodes asserts claims under 42 U.S.C. § 1983 against the Defendants Murfreesboro and Tad Scott, for an alleged seizure of the Plaintiff in violation of his rights under the Fourth Amendment and in violation of his substantive due process right under the Fourteenth Amendment. (Case No. 3:09-780, Docket Entry No. 1-1, Second Amended Complaint, at ¶¶ 28, 34). Plaintiff also asserts state law claims against Defendants Murfreesboro and Scott for malicious prosecution and false imprisonment. Id. at ¶¶ 29-33.

The Court consolidated the actions. (See Case No. 3:09-cv780, Docket Entry No. 12). The state court orders that are cited for the separation of Plaintiff's original complaint into two actions and allowing the filing of an amended complaint, were attached to the removal notice. (Docket Entry Nos. 1-2 and 1-3). Upon review, the state trial judge did not sign those proposed orders.

Before the Court is Defendants Scott's and Murfreesboro's motion for summary judgment (Case No. 3:09-181, Docket Entry No. 24) and Defendant Orkin, Inc.'s motion for summary judgment (Docket Entry No. 34). Defendants Scott and Murfreesboro contend, in sum, that Plaintiff's claims are insufficient to support a judgment under § 1983 and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

2

Alternatively, Defendants Scott and Murfreesboro argue that if the Court decides to consider Plaintiff's state law claims, Plaintiff fails to prove his claims for malicious prosecution and false imprisonment.

Defendant Orkin's motion for summary judgment contends that the Plaintiff's proof does not establish Orkin's liability under the respondeat superior or vicarious liability theory and Plaintiff's proof cannot support a judgment on his trespass, malicious prosecution and a negligent failure to train and supervise claims.

Plaintiff has not responded to either motion for summary judgment.[1] Under Local Rule 7.01(b), a lack of response is construed to mean there is no opposition, but Fed. R. Civ. P. 56(e) requires the Court to consider whether an award of summary judgment is appropriate. Yet, given the Plaintiff's lack of response, the Court accepts as undisputed the facts advanced by the Defendants. Guarino v. Brookfield, 980 F.2d 399, 404 (6th Cir. 1992); Local Rule 56.01(g).

For the reasons set forth below, the Court concludes that Defendants Scott's and City of Murfreesboro's motion for summary judgment should be granted for Plaintiff's lack of proof to support judgment on his Fourth Amendment claims because the undisputed facts establish probable cause for his arrest. As a matter of law, Plaintiff's substantive due process claim is not actionable, given his Fourth Amendment claim. Because there were not any signed state court orders of separation of Plaintiff's original complaint into two actions, the removal was of Plaintiff's original action. Jurisdictional issues are assessed as of the time of removal. A review of Plaintiff's original complaint reveals the lack of complete diversity of the parties. Absent

---

[1] Under Local Rule 56.01, the respondent has 21 days to file a response to a motion for summary judgment. Rhodes, who is represented by counsel, failed to do so with regard to both the Murfreesboro/Scott motion for summary judgment and the Orkin, Inc. motion for summary judgment. A response for the Murfreesboro/Scott motion (filed November 3, 2010) was due by November 24, 2010 and a response to the Orkin, Inc. motion (filed December 15, 2010) was due by January 5, 2011. See Fed. R. Civ. Pro. 6(a)(1). The Court notes that Rhodes reply to both motions filed on January 13, 2011 was untimely. Accordingly, the Court will not consider those responses.

complete diversity, the Court lacks jurisdiction over Plaintiff's state law claims, including his claims against Orkin.

## 1. Findings of Fact[2]

On May 12, 2007, Jeff Pittard was performing marketing services for The Pittard Corporation, his employer. (Docket Entry No. 35, Orkin's Statement of Undisputed Material Facts, at ¶ 31). Pittard was also an independent contractor for Eclipse Marketing. Id. Defendant Orkin's marketing sales agreement with Eclipse required Eclipse to provide direct marketing sales services and Pittard was marketing Orkin's pest control services. Id. at ¶¶ 2, 31.

Martin Rhodes was at his residence at 1828 Cason Trail, Murfreesboro, Rutherford County, Tennessee. (Case No. 3:09-181, Docket Entry No. 24-1, Defendants Scott and City of Murfreesboro's Statement of Undisputed Facts, pp. 24-31, at ¶ 1). Around mid-day, Defendant Pittard knocked on Rhodes's door and identified himself as a licensed pest control specialist. Id. at ¶ 2. After discussing pest control services, Rhodes pushed Pittard off the landing and to the ground below. Id. at ¶ 3, 4. Pittard called the Murfreesboro Police to report the incident. Id. at ¶ 5.

Scott, an officer with the City of Murfreesboro Police Department was dispatched to investigate Pittard's report. Id. at ¶¶ 6-7. Scott met with Pittard and took his complaint about the incident at Rhodes's house. Id. at ¶ 8. Rhodes was not present at his Cason Trail residence after Scott's meeting with Pittard, so Scott left. Id. at ¶ 9.

---

[2] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As will be discussed infra, under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict. Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986). Under the applicable law, the Court concludes that there are not any material factual disputes. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d) on Plaintiff's federal law claims.

Later that afternoon, Scott was informed that Rhodes had returned to his Cason Trail residence and went there to investigate Pittard's complaint. Id. at ¶ 10, 11. In Scott's interview of Rhodes about Pittard's allegations, Rhodes admitted pushing Pittard to the ground. Id. at ¶ 12. At that point, Scott gave Rhodes the choice of transporting him to the Rutherford County Sheriff's Department or having Scott apply for a warrant for Rhodes with any arrest by the Sheriff's Department. Id. at ¶ 13. Rhodes agreed to go with Scott. Id.

At the Rutherford County Sheriff's Department, Rhodes appeared before judicial commissioner, who issued a state warrant charging Rhodes with assault. Id. at ¶ 14. Rhodes was then arrested on that warrant. Id. at ¶ 15.

## 2. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.

<u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a "material fact" for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted).

A motion for summary judgment is to be considered after adequate time for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 355-57 (6th Cir. 1989). But <u>see</u> <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in <u>Celotex</u>:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." <u>Martin v. Kelley</u>, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving

party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons, 874 F.2d at 353 (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]...must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (citations omitted). See also Hutt v. Gibson Fiber Glass Products, 914 F.2d 790, 792 (6th Cir. 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'") (quoting Liberty Lobby).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
>       \*  \*  \*
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could</u>

<u>return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'</u>

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added). It is likewise true that:

> In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated.
>
> It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) (citation omitted).

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

8

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by

the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

### 1. Plaintiff's Fourth Amendment Claim

For Plaintiff's Fourth Amendment claim of an unreasonable seizure by Scott, the Court must evaluate whether Scott had probable cause to arrest Plaintiff. Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

> Probable cause requires only the probability of criminal activity, not some type of "prima facie" showing. If the circumstances, viewed objectively, support a finding of probable cause, the arresting officer's actual motives are irrelevant. A valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent. The question becomes, viewing the facts in a light most favorable to plaintiff, whether the arresting officers were justified in their belief that plaintiff had probably committed or was committing a crime.

Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988) (internal citations omitted).

Here, the undisputed facts are that Scott had ample probable cause for Plaintiff's arrest.[3] Defendant Scott interviewed the victim who identified Plaintiff as his assailant. In his interview, Rhodes admitted that he pushed the victim. Tennessee Code Annotated §39-13-101(a) provides in relevant part that "a person commits assault who…(3) intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(3). Based upon his interview of

---

[3] Defendant concedes, for purposes of summary judgment only, that an arrest actually occurred. (Docket Entry 24-1, Defendant's Memorandum in Support of Summary Judgment, at p. 3, fn.1) The facts suggest it is possible that Plaintiff voluntarily went to the police station with Defendant Scott.

Pittard and Rhodes's admissions, the Court concludes that Scott had probable cause to arrest Plaintiff for a misdemeanor assault in his intentional physical contact with Pittard.[4]

Rhodes's substantive due process claim fails because as a matter of law, Plaintiff's claim is limited to the Fourth Amendment. Conn v. Gabbert, 526 U.S. 286, 293 (1999); Soltesz v. City of Sandusky, 49 Fed. Appx. 522, 527 (6th Cir. 2002) ("...the plaintiff's claim, no matter how couched, is simply that he was improperly subjected to a warrantless arrest, a claim that implicates the very substance of the 4th Amendment"). There are no facts here that Plaintiff has a separate and viable Fourteenth Amendment claim.

For these reasons, the Court concludes that Defendant Scott's and City of Murfreesboro's motion for summary judgment on Plaintiff's § 1983 claims should be granted.

The Court, however, declines to exercise its supplemental jurisdiction over Plaintiff's state law claims of false imprisonment and malicious prosecution against Defendants Scott and City of Murfreesboro as a matter of comity. See Beddingfield v. City of Pulaski, 666 F.Supp. 1064 (M.D. Tenn. 1987), *rev'd on other grounds* 861 F.2d 968 (6th Cir. 1988). The TGTLA provides that Tennessee state courts have exclusive jurisdiction for Plaintiff's state law claims. Tenn Code Ann. § 29-20-307. The Beddingfied ruling on declination to entertain TGTLA claims retains its viability. Gregory v. Shelby County, Tennessee, 220 F.3d 433, (6th Cir. 2000); Fromuth v. Metropolitan Gov't. Of Nashville, Davidson County, Tennessee, 158 F.Supp.2d 787, 789 (M.D. Tenn. 2001); Spurlock v. Whitley, 971 F.Supp. 1166, 1185 (M.D. Tenn. 1997) *aff'd*

---

[4] Tennessee law states that an officer can make a warrantless arrest for a public offense committed in his presence. Tenn. Code Ann. § 40-7-103. While the arrest here was for a violation that occurred outside of Officer Scott's presence, that does not change the Court's analysis of Plaintiff's constitutional rights. Soltesz v. City of Sandusky, 49 Fed. Appx. 522, 527 (6th Cir. 2002) (Plaintiff could not state a § 1983 claim for a warrantless arrest that violated Kentucky law but was supported by probable cause)

*sub. nom* Spurlock v. Satterfield, 167 F.3d 995 (6th Cir. 1999). Thus, Plaintiff's state law claims against Defendants Scott and City of Murfreesboro should be dismissed without prejudice.

As to Orkin's motion for summary judgment, the removal notice in this action attached Plaintiff's original complaint against all Defendants, including Defendants Scott and City of Murfreesboro. Among the attachments to the removal notice are the proposed state court orders granting Plaintiff's motion to amend the complaint and dividing Plaintiff's claims into two separate actions. (Docket Entry Nos. 1-2 and 1-3). Those proposed Orders, however, were not signed by the state court judge. Thus, Plaintiff's original complaint controls and that complaint has non-diverse parties, namely Plaintiff and Defendants Scott and City of Murfreesboro. Diversity jurisdiction is determined at the time of removal and the lack of complete diversity of the parties when this action was removed, precludes diversity jurisdiction under 28 U.S.C. § 1332. Rogers v. Wal-Mart Stores, Inc., 260 F.3d 868, 871 (6th Cir. 2000); Coyne v. American Tabacco Co, 183 F.3d 488, 497 (6th Cir. 1999). See also Terry v. Jackson, 19 Fed. Appx. 377, 378 (6th Cir. 2001).

Thus, without a viable federal claim, Plaintiff's state law claims against Pittard, Eclipse Marketing and Orkin should be dismissed without prejudice for lack of federal jurisdiction.

An appropriate order is filed herewith.

**ENTERED** this the 5th day of April, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge